PER CUR.

The cause having been heard in the High Court of Chancery, on the bill and answers, and those answers, which are responsive to the bill, stating, that although the appellee might not have originally put his name to the bond, yet he afterwards acknowledged the signature to be his hand and seal, by which he was bound at law; or, if he was not so bound at law, it was a legal defence of which he should have availed himself upon the motion for judgment on the bond, and not have resorted for relief, on that ground, to a Court of Equity, where the case is to be decided upon its real justice, and not on the omission of strict legal ceremonies, the appellee, in that view of the case, had no pretense of equity; especially against Maupin, the innocent purchaser of the bond, *197 without notice of the alledged defect. Consequently, the decree of the High Court of Chancery is erroneous, in affording the relief sought by the appellee. It must, therefore, be reversed, and the bill dismissed with costs.