[S. C., ante, 36.]
Equity. — An issue had been directed by the Court in this case, to ascertain whether the defendant ought to have recovered at law, and what sum. The answer denied the charges in the bill; on the trial of the issue it was contended by the plaintiff's counsel that the defendant ought to prove the original contract and its fairness in the same manner that he would have been bound to do in the court of law, and rested his case on this ground without introducing any proof in support of the charges in the bill which were denied by the answer. He compared the case to the course of practice at law, where a party holding an affirmative in his plea, whether plaintiff or defendant, was bound to prove it; and until an affirmative be proved a negative prevails, — so of affirmative and negative propositions in a bill and answer.
The practice at law and in equity is different in this respect. This results from an essential difference which exists in the nature and design of the two courts. Where a court of law is competent to afford complete and adequate relief, a court of equity has no jurisdiction, except in a few concurrent instances.
The law presumes justice to have been attained on the other side of the court; such a presumption attaches to the decision of any court not subject to be reviewed in the ordinary course of law, as in the cases of appeal and certiorari. This however is not the case of a suit in equity in which an injunction has been granted; upon general principles, the jurisdiction of a court of equity commences where a court of law ends. In presumption of law, the ordinary administration of justice is competent to relief; by the English practice, a reference of issues is rare. The Court of Chancery usually determine facts upon the evidence; the rules of evidence are the same in equity as at law, with a single exception; this exception however is extensive in its consequences, and highly important to be considered, so as to determine what the practice should be here. It is in its consequences the characteristic distinction between *Page 179 
the extraordinary jurisdiction of this court and the ordinary powers of a court of law. The principle alluded to is that a denial in an answer, whether in the affirmative or negative, puts the proof on the complainant. To do away the force of an answer responsive to charges in the bill, two witnesses are necessary. This rule however has been relaxed so as to admit the testimony of one witness, when strengthened by circumstances. To require the defendant in this court to prove what he has affirmed on oath would be depriving him of the benefit of a principle which has uniformly governed the decisions of this court from time almost immemorial. The trial here is not de novo, as on a new trial or appeal. This clearly appears by comparing our statutes respecting the trial of issues with the proceedings of the Court of Equity in England. Our Act of Assembly authorizes this court to summon a jury for the trial of such issues of fact as they may conceive necessary to be determined by a jury; so the law is in England. But here, as well as there, it is discretionary with the Court whether they will refer the determination of a fact to a jury.[1] The estimation in which the trial by jury is deservedly held in this country will always induce a court of equity to leave the determination of a fact about which there is a contrariety of testimony to a jury. But when they do they will surely be governed by the same rules of evidence, as if they determined the fact themselves, otherwise there would be two measures of justice.[2] The same end is in view whether determined by the Court or jury, the discovery of truth; the end sought for being the same, the means of obtaining it should be uniform, otherwise different results will arise from a determination by the Court and by the jury. Justice depends upon the means by which it is attained; in its nature it is the same, and so ought the evidence through the medium of which we arrive at it.
These ideas arc illustrated by recurring to the practice respecting bills of discovery in this court. A complainant has a right to appeal to the conscience of the defendant, for discovery of evidence by his own confession, when perhaps he cannot substantiate *Page 180 
his demand any other way. The complainant charges a negative in his bill, the defendant denies in the affirmative. Was it ever heard that the defendant was bound to prove' what he asserts? When a suit in equity is heard upon bill and answer, without replication, the answer must be taken as true in every part that is responsive; the practice contended for would destroy this rule of law, so far as relates to affirmative assertions in the answer. The argument proceeds upon the idea that the negative side of the proposition must be taken as true until the affirmative is proved by the defendant. This certainly is' not the law upon hearing on bill and answer. What is the effect of a replication? It puts all the facts in the bill not answered or denied in issue, and that too in the aggregate, for the answer stands until the contrary be proved. The nature of the proceedings in the two courts will not permit them to be assimilated in this respect. An action of law depends on a single issue, being a fact affirmed on one side and denied on the other; not so of a suit in this court; a variety of distinct facts are brought in issue, in which the complainant holds the affirmative of some and negative of others, and so of the defendant. To require the parties litigant to be alternately changing in the introduction and rebuttal of proof would produce endless confusion and difficulty both with the Court and jury. When a person has recourse to the court, he must state such a case as shows, that in all probability he could not get adequate relief at law, or such a one as on the known principles of equity will entitle him to relief, and then substantiate his case by proof, either by the admission of the defendant in his answer or otherwise. He cannot on trial call on the defendant to aid him with proof. Affirmatives in the pleadings on the part of a defendant at law either expressly or virtually admit the cause of action, but contain something in avoidance. Not so of facts put in issue in this court where the answer is responsive. The jurisdiction of the Court may depend upon the collective strength of several propositions affirmative and negative; no one affirmative of which on the part of the defendant would be sufficient to give jurisdiction, if *Page 181 
proved, nor in fact all the affirmative propositions of the defendant put together. Hence it follows in many cases that if the defendant were to prove all that is contended for, it would not amount to as much in effect as the simple assertion of an affirmative plea at law; viz., an admission of jurisdiction in the one case and the cause of action in the other.
The principal ground upon which a defendant at law is called upon to make proof on an affirmative is that the plea impliedly admits the cause of action, and consequently that the plaintiff has not any thing to do on that score. If it were not for this admission the plaintiff surely would be called on to make proof of his cause of action before proof could be asked of the defendant; courts, either of law or equity, never take for granted that there exists a cause of action in the one or jurisdiction in the other until they are made to appear by admissions of defendants or proof.[1]
It has been assumed, as a ground of argument, that a negative cannot be proved. This saying frequently occurs in the books, and is now offered as the main ground of the argument for the plaintiff. As before observed, this is not the principal reason, nor is it true when taken in its fullest latitude. Though the falsity of negative propositions cannot be directly proved, other affirmative propositions incompatible with those denied, may, which has the same effect; every negative has its correlative affirmative, which, when established, destroys its allied negative, for both cannot exist.
No impracticability or inconvenience can be seen in the practice requiring the complainant to produce his proof where the answer is a direct denial both as to affirmative and negative propositions at once. The defendant can then produce his, after which the Court and jury can as clearly see the preponderancy of the testimony as any other way. Believing that in all cases in equity the complainant is bound to establish the charges in his bill, either denied or not answered, and as he has not done this the jury will find for the defendant, and state such a sum as they think he ought to have recovered at law. *Page 182 Vide 2 Swift's System, 473; 3 East, 192; Rob. on Frauds, 156. Where a defendant insists on a distinct fact from the charges in the bill, by way of avoidance, he is then put upon the proof of it, but not otherwise. 1 Johns. 589; Peake's Evid. 38.
[1] See 1 N. Y. Cas. in Error, 96; Littel, 32; 1 Hen. Mun. 93, 372; Wash. 337; 1 Call, 224; 2 N. Y. E. 70; 1 Johns. 575; 7 Johns. 320; 8 N. Y. T. 83.
[2] See 1 Hen. Mun. 15, 17, 52; Hard. 544; 2 Hay. 102.
[1] See 2 Cain. C. E. 70; 1 Cain. C. E. 96; 3 Hen. Mun. 395; 1 Call, 224; 1 Wash. 163; 2 Hen. Mun. 93, 372; Wash. 337; Tay. 318; Hard. 519, 530, 544; Sugd. 55.