JUDGE TUCKER.
Walter Peter, in his life-time, brought a bill against the executors and devisees of James Mason, the object of which was to obtain satisfaction for a simple contract debt due to him from James Mason, deceased, out of the real estate devised to his several sons, the personal estate being exhausted by the payment of debts of superior dignity. He had before obtained a judgment (by default) against the executors, for his debt, but does not appear to have proceeded even so far as to sue out execution upon that judgment. The record in that case is either very imperfect, or the judgment was obtained without even suing out a writ; and the executors who answered speak of it as having been unjustly obtained, and without their knowledge. There is no other proof of the debt. By the account stated by the Commissioner, there appears to be a balance due to the executor William Mason, who alone acted.
The first question that appears to me to arise in this case, is, whether the plaintiff Peter had not a plain and adequate remedy at law? He had obtained a judgment, by default, against the executors. Such a judgment amounted to an admission of assets in their hands. He might have sued out execution thereupon immediately; and, upon the return of nulla bona, he might have brought an action for a devastavit against the executors; and, finally, he had a remedy at law against their securities. After the several decisions of this Court in the cases of Maupin v. Whiting, (a) Pryor v. Adams,(b) and Terrel v. Dick,(c) and those of Turpin v. Thomas, (d) and Morris and Overton v. Ross, (e) and some others, I cannot conceive that such a bill as the present can be sustained in a Court of Equity. B'or any thing that appears, or can appear, by this record, Mr. Peter had his remedy in his own hands at law ; and if, without any good reason, he thought proper to abandon it there, he cannot, under such circumstances, come into a Court of Equity.
The second question is, whether, supposing him entitled to come into a Court of Equity, against the devisees, he is, upon the proofs in this record, entitled to a decree against them. And I am clearly of opinion that he is not. There is not a syllable of proof of his claim, in the record, except the judgment, which, 446 *being against the executors only, is no proof against the devisees of land. For there is no privity between an executor, and the heir, or devisee of the-land; however it may be (on which I mean not to give an opinion) between an executor and legatee of personals; of whom the executor may require security to refund, in certain cases, before he pays, or gives up the legacy.*
One of the points insisted on by Mr. Wickham, was, that the Chancellor, instead of decreeing that the devisees should be jointly chargeable, ought to have directed a valuation of their lands respectively, and charged them pro rata. And I am of that opinion.
I deem it unnecessary to give any opinion upon the other points which were argued in this cause; as these are sufficient, in my opinion, to decide that the decree be reversed, and the bill dismissed.
JUDGE FLEMING.
I have no difficulty in saying that I concur in the opinion just delivered, in every particular, for the reasons therein stated; that the bill ought to be dismissed: and the last point, made in the cause, in Mr. Wickham’s statement, *174 strikes me very forcibly; which is that, admitting the appellants (devisees of James Mason, their father) to be liable for the debt, it ought to have been apportioned among them, according to the value of their respective devises; of which an account ought to have been taken by Commissioners appointed for that special purpose; in order to prevent suits between the devisees themselves. But, as the principal point seems clearly in favour of the appellants, no farther notice need be taken of the latter.
Decree reversed, and bill dismissed.

 1 Call, 224.

 Ibid. 382.

 Ibid. 546.

 2 H. & M. 139.

 Ibid. 408.