LOWRY et al. *versus* ARMSTRONG, MALLORY & CO.

1. A complainant in Chancery, cannot object, in error, that the court below decreed, without making new parties, when the answer of the defendant disclosed, that there were other parties.
2. Where a case in Chancery is heard on bill and answer, alone, the answer must be taken as true, whether responsive to the bill or not.

This was a bill filed on the Chancery side of Monroe Circuit court, by the plaintiffs in error; the object of which was to obtain an injunction against certain judgments at law, rendered against the complainants.

The bill charged certain payments, to the agents or attornies of the defendants, upon the judgment of the latter against the former: together with other facts, not material in the history of the case—as it was decided. Armstrong answered, alone, showing that the firm of Armstrong, Mallory & Co. was composed of certain persons, one of whom, had sold out his interest; and, that he, Armstrong, was the surviving copartner of the purchaser of that interest: he also admitted certain payments charged in the bill.

On a final hearing of the cause, upon the bill and answer, the judgments were enjoined as to the amount charged in the bill, to have been paid; and dissolved as to the residue of the judgments at law.

Many circumstances were set out in the record, which are not necessary to be detailed in the cause; inasmuch as it was decided upon facts, peculiar to it; and, upon the points—first, that the Chancellor de-

creed, without making new parties, when the an-
swer showed, that other parties were connected with
the transaction; and, second, upon the decree, as
made upon the bill and answer alone.

*Bagby*, for complainant—*A. B. Cooper, contra.*

TAYLOR, J.—This suit, in Chancery, was institut-
ed by the plaintiffs in error, for the purpose of ob-
taining a decree, perpetually enjoining so much of a
judgment at law, recovered against them, by the de-
fendants, as they alleged they had paid.

The bill alleges, that the plaintiff, Lowry, had
paid to Patton, the lawyer first employed by the de-
fendants, two thousand seven hundred and fifty dol-
lars, at one time, four hundred dollars, at another, and
delivered to him, besides, forty-three bales of cotton,
to be shipped to the defendants, the nett proceeds of
which were seven hundred and sixty-three dollars;
that, after the payment of those sums, the manage-
ment of the business had been placed in the hands
of Crawford & Hitchcock, who were enforcing the
collection of a larger sum than was due.

Armstrong is the only defendant who has answer-
ed: he alleges, that the firm of Armstrong, Mallory
& Co. had been composed of himself, John H. Mal-
lory and David W. Crawford; that the interest of
Mallory had been purchased out, by Crawford and
himself, after which Crawford had died, leaving him
the only surviving partner. He admits the pay-
ments of the money and cotton, alleged in the bill,
and that the complainants were correct, as respected
the proceeds of the cotton; and he introduces the
statement of Mr. Crawford, one of the attornies, who

LOWRY et al. *vs.* ARMSTRONG, MALLORY & CO.

had the management of the business, to show the amount then due. This statement charges the complainants with three judgments, and the amount of damages rendered by this court, upon the affirmance of each, and interest—amounting, in the whole, to four thousand four hundred and ninety-seven dollars and forty-six and a half cents; and credits them with the payment of two thousand seven hundred and fifty dollars, and the cotton, at seven hundred and sixty-three dollars; but omits the four hundred dollar payment.

The bill was sworn to, in October, 1827; at February term 1828, an order of publication was made against Mallory. It does not appear, when the answer of Armstrong was filed: it was sworn to, in Madison county (the suit was pending in Monroe,) on the 8th October, 1828.

At the October term, 1828, a final decree was rendered, perpetually enjoining the whole amount alleged, by the bill, to have been paid, dissolving the injunction, for " the residue of the judgments at law," and decreeing costs against the defendants.

Several assignments of error are made, the first of which, is, that " the court erred, in finally disposing of the cause, upon the coming in of the answer of Armstrong, when it appears, from said answer, that there were other defendants who ought to have been made parties, and whose answers were material to the rights of the complainants."

The answer certainly does not show, that any person should have been made a defendant, beside Armstrong; but, entirely the contrary. It states, that Mallory had been bought out, and had no interest;

that Crawford was dead, and the defendant, Armstrong, the only surviving partner. But, if it did appear, from the answer, that other persons should have been made parties defendants, it devolved upon the plaintiffs, and not the defendants, to have this done; and, they cannot come here to correct their own errors.

The second assignment, is, "the court erred, in admitting the statement alleged, in the defendants' answer, to have been made out and furnished by William Crawford esq., when no part of the bill alleges any transaction between the complainants and said Crawford, in relation to the business between them and the said Armstrong, Mallory & Co."

As to the admission of this statement, the court had nothing to do with it. It was inserted in the answer, which we must suppose was filed, in the usual way; no part of it was ever excepted to, and thus brought before the court for its action upon it. Therefore, if the insertion of this statement was impertinent, no opportunity was afforded to the court, to order it to be stricken out.

Third assignment.—"The court erred, in receiving the statement of Crawford, as evidence, of the amount of the proceeds of forty-three bales of cotton; but should have compelled the defendants to produce a regular account of the sales of said cotton."

It does not appear, from the decree, that the statement of Mr. Crawford, had any influence upon the decree of the court. The complainant, Lowry, in the bill, states, that he has been informed, and believes, the nett proceeds of the cotton, were, seven hundred and sixty-three dollars, the same amount which they are credited at, in the statement, and which is allowed

in the decree.　Whether the statement in the bill, or that in the answer produced the decree, it is unnecessary to enquire, as they correspond, precisely. In addition to this, the case was finally heard, on the bill and and answer.　It has been heretofore decided, by this court, that, on such hearing, the allegations of the answer, are to be received as true, whether responsive or not.　And, besides the statement of Mr. Crawford, the defendants admitted, in their answer, the allegation in the bill, with respect to the cotton.

Fourth assignment.—"The court erred, in receiving the statement of said Crawford, as evidence, of the amount due from Lowry and M'Connell, to Armstrong, Mallory & Co., when it appears, from the answer of the defendants, that the balance, if any, was in judgment, and of record."

It does not appear, that the statement was so received.　The court decreed in favor of the complainants, for the several sums claimed by them, and dissolved the injunction for the remainder, leaving it to the clerk, to ascertain what that remainder was.　If there were none, of course, no execution could issue against the plaintiffs in error.

Fifth assignment.—"The court erred in blending several judgments at law, when the complainants, by the bill only sought to be relieved from one judgment."

We can perceive no such blending.　It is true, the decree dissolves the injunction, "as to the residue of the *judgments*."　This may have been a slip of the pen, or a mistake in copying.　But, if it were intended, no injunction can be dissolved which was never granted.　If only one judgment

was enjoined, that one, alone will be affected by the decree.

The decree of the Circuit court is affirmed, at the cost of the plaintiffs in error.

LIPSCOMB, C. J., not sitting.