### SMITH *vs.* CLARK & SMITH.

The defendant is bound to answer the charging part as well as the stating part of the bill ; and his answer to the charging part, if responsive thereto, is evidence in his own favor, if an answer on oath has not been waived by the complainant.

In a sworn bill, it is equally perjury for the complainant knowingly to make a false charge or averment in the charging part, as to make a false statement in the stating part of the bill.

January 28.     THIS case came before the chancellor on appeal. The facts of the case, so far as they are necessary to the understanding of the decision, are stated in the former report of the case referred to in the opinion of the chancellor, and in the opinion of the vice chancellor, which follows :

GARDINER, V. C.     By a recent decision in one of the suits mentioned in the pleadings in this cause, the supreme court have given a construction to the bond of Ambrose Smith, and

determine that the $500 mentioned in the condition are to be considered as liquidated damages. That construction will be adopted here. And I am relieved from an inquiry which, under the evidence here furnished, promised to be sufficiently embarrassing. The suit at law by the complainant against Ambrose Smith, upon the bond given by the latter, was commenced in October, 1827. The premises mentioned in the bill were advertised for sale on the 20th November, 1828, in pursuance of a power for that purpose, in the mortgage executed by James Smith to A. Smith, by Clark, the assignee of A. Smith. This bill was filed in the equity court of this circuit, in November, 1828, for an injunction to restrain the sale, and to compel a set off of the damages accruing from the breach of the bond above mentioned. Since the filing of the bill, the complainant has obtained a verdict against A. Smith for $1000, for practicing two months as a physician, contrary to the condition of his bond, and a judgment upon that verdict. In the charging part of the bill, it is alleged that the defendants pretend that, inasmuch as Clark is a bona fide and innocent assignee of the bond and mortgage, the complainant cannot set off his demand. And the bill then charges that said Clark is not a bona fide assignee of said bond and mortgage, for a full and valuable consideration; but, on the contrary, that when he received the assignment, if in truth it was ever made, he knew, or had reason to know, of the claim of the complainant against A. Smith which ought to be set off. It appears also from the bill and proofs that the bond of A. Smith was executed on the 12th of April, 1827. The defendants, in their answer, say that Clark purchased the mortgaged premises of one Boss, for A. Smith, in the year 1825, and paid $100, which was charged to A. Smith in April; that to secure this sum and other demands of Clark against him, A. Smith afterwards, in the year 1827, executed a bond and warrant of attorney to Clark for $1200, and judgment was docketed in Monroe common pleas on the 21st of March, 1827; that subsequent to the execution of the bond by A. Smith, he applied to Clark to make some arrangement to release the lien of his judgment on the premises; and that

Clark, before the giving of the deed to J. Smith, did discharge said judgment, and wrote to said complainant to that effect— and this upon the express agreement and understanding that A. Smith would and should assign to Clark the bond and mortgage he was to receive from the complainant, as security in lieu of said judgment. That on the 5th of July, 1827, the day of the execution of said bond and mortgage, in pursuance of the agreement so to do, A. Smith transferred and handed over the bond to Clark, and left the mortgage at the Clerk's office, as the property of Clark, to be recorded. That the bond has ever since been in Clark's possession, and the mortgage under his control. That the formal written assignment was not executed until the 18th of January, 1828, at which time they had a settlement, and found the balance due Clark $484, which was honestly and jusly due on the original consideration for which the judgment was given, and which is now due to Clark, with interest; and that the bond and mortgage is all the security that Clark has since the discharge of judgment. And Clark denies all knowledge of any set off, or of any claim of set off, at the time of the transfer to him.

I entertain no doubt that the material facts above stated from the answer are responsive to the bill. The substance of the complainant's allegation is, that Clark claims or pretends to be a bona fide assignee; and the averment is, that he is not a bona fide and innocent assignee for a full and valuable consideration. In answer to the averment, the defendants were bound to disclose the fact of an assignment, and the nature and extent of the consideration. Both of these, together with a denial of notice, were necessary to establish for Clark the character of a bona fide assignee—the very proposition denied by the bill. The defendants were bound to confess or traverse the substance of this charge, particularly and precisely; (1 *Harrison*, 222; 1 *John. R.* 107;) and this they have done. By the answer, then, it appears that the judgment of Clark was docketed on the 21st of March, 1827. The bond of A. Smith was executed on the 12th of April following. Subsequent to this, and before the execution of the deed and bond and mortgage, Clark agreed with A. Smith to discharge the lien of his judgment, upon the express condition that the

bond and mortgage should be assigned to him in lieu of it. On the 4th of July, 1827, Clark wrote to the complainant that he would discharge his judgment in a few days, and on the 5th of July the writings were executed, the bond delivered to Clark the same day, and the mortgage for his benefit left to be recorded. These facts are decisive of the present case. By the agreement to assign, the equitable interest in the bond and mortgage vested in Clark, at the moment of their execution, A. Smith received them as the trustee of Clark, as a substituted security in lieu of the judgment; and the lien of the judgment was prior to the execution of the bond to J. Smith. Clark, in this view of the case, had the prior equity, and the legal interest was vested in him by delivery of the mortgage on the 5th of July, the day of its execution. (1 *Paige's Rep.* 78.) If the equities of the complainant and Clark are considered as attaching at the time of the execution of the mortgage, the most that can be urged is, that they are equal, and in that case the legal right must prevail. (1 *Paige's Rep.* 135.)

It was objected that there was no proof of the judgment. The answer stated the relinquishment of a judgment, upon which $484 was due, which constituted the consideration of the assignment; and this is considered to be responsive to the bill. In addition to this, even if the certificate of the clerk and the testimony of Jewett should be rejected, I think the complainant is estopped by the letter of Clark, which he has made an exhibit, from contesting the prior lien of the judgment. In truth, however, the right of the complainant to his set off could only accrue upon the breach of the bond restraining the practice. (*See the Chancellor's opinion in this case.*) The obvious construction of that instrument would seem to be, that the defendant must practice an entire month to entitle the complainant to the $500 liquidated damages. And I understand his counsel to concede that there could be no apportionment of those damages for any less period. There is no proof that the defendant Smith practiced as a physician, &c. for that length of time previous to the 5th of July, 1827. The judgment record does not establish this fact. From that it appears that the plaintiff claimed for six months practice,

commencing upon the 12th of April. The jury, by their verdict, found for two months only, within that period, leaving the precise time indefinite. From the answer, and the testimony of the partner of A. Smith, it appears that the latter cannot be charged with more than 18 or 20 days practice in all, previous to the 5th of July. There was consequently no breach which would entitle the complainant to any set off until after the assignment to Clark. In this view, also, Clark would have the prior equity. I do not deem it necessary to discuss the question of notice. If no notice whatever had been given by Clark, under the circumstances of this case, his right would not be affected. Notice was in fact given to the complainant, in March, 1828, and before any payment fell due upon the mortgage. And it no where appears that intermediate the time of the assignment and the giving of the notice, there was a payment or dealing, upon the part of the complainant with the mortgagee, upon the faith that the latter was the owner of the mortgage.

I am of opinion, therefore, that Clark is entitled to the benefit of the mortgage security, to the extent of the judgment lien which he surrendered. The sum due upon the judgment was $484, and that sum only has he a right to retain from the mortgage money.

*S. Boughton,* for the complainant, cited 1 *Hov. Ch. Prac.* 86; *Beames,* 3, 4, 5, 6; *Mitford,* 35; *Lady Ormond* v. *Hutchinson,* (13 *Ves.* 53;) 7 *Ves.* 588; *Green & Johnson* v. *Hart,* (1 *John. Rep.* 580;) *Beckwith* v. *Butler,* (1 *Wash. Rep.* 224;) *Hart* v. *Ten Eyck,* (2 *John. Ch. R.* 92, note;) *Payne* v. *Charles,* (1 *Munf. R.* 373;) *Dunham* v. *Jackson,* (6 *Wendell,* 22;) 1 *Paige's Rep.* 34; *Rosevelt* v. *Bank of Niagara,* (1 *Hopk.* 584.)

*C. M. Lee,* for the defendants.

THE CHANCELLOR. This is an appeal from the final decree of the vice chancellor of the eighth circuit, in the same cause which was formerly before me, on appeal from the equity court of that circuit, to reverse an order in relation to the injunction. (1 *Paige's Rep.* 391.) The case is substantially

the same as it then appeared on the bill and answer. And upon a careful examination of the case, and the voluminous briefs of the counsel for the respective parties, I see no reason to change the opinion I then entertained. The error into which the plaintiff's counsel appears to have fallen, is in supposing that an answer responsive to the charging part of the bill is not evidence, in favor of the defendants. The charging part of a bill is as necessary to be answered as the stating part. So far as the charges are material to anticipate and defeat a defence which may be set up by the defendant, they may be considered in the nature of a special replication. But the complainant has the same right to the defendants' answer to the charging part of the bill, to prove the truth of his special replication, as he has to an answer to the stating part, to prove the truth of that. If he does not waive an answer on oath from the defendant, he makes him a witness in favor of the complainant, against himself, and interrogates him as to every statement and charge in the bill. His answer, therefore, which is responsive to any such statement, or charge, in whatever part of the bill it is contained, is evidence in his own favor as well as in favor of the complainant. I know it has been supposed by many that the charging part of a bill is mere form ; and that they might therefore put any thing they pleased in that part, by way of charge, even in a sworn bill. It is frequently, however, as material a part of the bill as the stating part ; and the decision of the cause frequently turns upon the issue formed by the denial of some averment in the charging part of the bill. It is therefore perjury for a complainant to make a false charge, or averment, in the charging part of a sworn bill, in the same manner as it would be for him to make a false statement in the stating part.

The answer, as to the assignment and the consideration thereof, being evidence in favor of the defendants, the prior equity of Clark, to the extent of his debt, is undoubted ; and as the complainant claims a mere equitable right of set off, which accrued after the defendant Clark had an equitable right to the assignment, it is perfectly immaterial whether the complainant ever had notice of the assignment, or of Clark's equity or not. If he had paid the bond and mortgage, to the

original holder, or had discharged any security which he held against him, under an ·actual agreement for a set off, and without notice, it would have been a very different case from that which is now presented. I have no doubt as to the correctness of the vice chancellor's decision upon the equity of this case. ⁄ He was also right as to the costs. If the complainant wished to exempt himself from costs, and to put the defendants in the wrong, he should have offered to pay the amount justly due to Clark, and have requested him to re-assign the mortgage to Ambrose Smith, so that a set off between him and the complainant could be made. It is a general rule that a mortgagor who comes into this court and is permitted to redeem, must pay the costs of the adverse party.

The decree of the vice chancellor must be affirmed, with costs; and the proceedings are to be remitted.