[Patent No. 2,872 was granted to A. Connison, December 5, 1842, and has not, so far as ascertained, been involved in any other cases reported prior to 1880.]

---

## Case No. 11,260.

### POMEROY v. MANIN et al.

[2 Paine, 476.] [1]

Circuit Court, D. Connecticut.[2]

EQUITY PLEADING—ANSWER—RESPONSIVE — HOW REBUTTED—PRACTICE OF STATE COURTS—RULES OF SUPREME COURT—PAROL EVIDENCE TO VARY WRITTEN AGREEMENT — LATENT AMBIGUITY — CONVEYANCE—VALIDITY AS AGAINST CREDITORS —TRUST.

1. In the state courts in Connecticut, an answer in chancery stands on the same footing as a plea, and is not evidence unless the complainant seeks a disclosure by an appeal to the conscience of the defendant.

2. In chancery proceedings in the courts of the United States, when the answer is responsive to allegations in the bill, it is considered as evidence, and must be rebutted by something more than simply the testimony of one witness.

3. The courts of the United States are not governed or controlled by the practice of the state courts, unless adopted by some law of the United States, or by some rule of court made in pursuance of an act of congress.

[Cited in Rusch v. Des Moines Co., Case No. 12,142.]

[Cited in brief in Merchants' Bank v. Evans, 51 Mo. 336.]

4. The supreme court of the United States has, under authority of an act of congress, adopted certain rules of practice for the courts of equity of the United States; one of which is, that in all cases where the rules prescribed by the supreme court, or by the circuit court, do not apply, the practice of the circuit courts shall be regulated by the practice of the high court of chancery in England.

5. The rule is well settled that parol evidence cannot be admitted to contradict or vary the terms of a written instrument; nor can a conveyance be shown by parol to be to another use or interest than that expressed in it. But a latent ambiguity arising from some collateral matter out of the instrument, may always be explained by parol evidence.

6. Where A. B. & C. were copartners, and A., without the knowledge of either of the other partners, drew funds from the concern while acting as the agent of D., which funds he furnished to D.; it was held, that a deed of certain property of less value than the funds so furnished to D., subsequently made by D., while in failing health, to B., reciting as the consideration thereof, the indebtedness of A. to B. & C., which D. assumed, was valid as against the creditors of D., and that the books of the partnership were admissible to show how the accounts stood as between the partners.

7. B. & C. were not creditors of D., but of A.; and therefore, the deed was not void under the statute of Connecticut of 1828, relative to conveyances in trust for creditors.

8. The deed could not be considered in trust for the creditors of the grantor within the stat-

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [Date not given. 2 Paine includes cases from 1827 to 1840.]

ute of Connecticut, but rather an indemnity in the nature of a mortgage, or a power coupled with an interest, whereby the grantee was authorized to sell the property conveyed, and to retain and pay what was owing by A. to B. & C., and to pay over the surplus, if any, to the grantor or his legal representatives.

[This was a bill in equity by Benjamin Pomeroy, administrator of Charles E. Phelps, against D. F. Manin, B. F. Phelps, & Foote, to set aside and declare null and void a certain instrument executed by Charles E. Phelps in his lifetime to the defendant D. F. Manin.]

THOMPSON, Circuit Justice. The original bill or petition in this case was filed in the superior court for the county of New London, in the state of Connecticut, and was removed into this court under the provisions of an act of congress, on the ground that the defendants were citizens of the state of New York. This circumstance has been urged at the bar on the part of the complainants, as placing the cause, with respect to the effect and operation of the answers as matters of evidence, upon a different footing than if it had been originally commenced in this court. I can perceive no good reason for such a distinction; if it was the right or privilege of the defendants to be sued in this court, it ought not to be in the power of the opposite party to take away that right, or deprive them of any advantage, if any exists, which they may have in this respect. It seems to be admitted that in the state courts in Connecticut, an answer in chancery stands on the same footing as a plea, and is not evidence, unless the complainant seeks a disclosure by an appeal to the conscience of the defendant. This is different from the rule that prevails in chancery proceedings in the courts of the United States; when the answer is responsive to the allegations in the bill, it is considered as evidence, and must be rebutted by something more than simply the testimony of one witness. In this case the answers were filed in this court after the cause was removed here, and were, in point of fact, sworn to in conformity with the practice of this court. The courts of the United States are not governed or controlled by the practice of the state courts, unless adopted by some law of the United States, or by some rule of court made in pursuance of an act of congress. See Brewster v. Gelston [Case No. 1,853]. The supreme court of the United States has, under authority of an act of congress, adopted certain rules of practice for the courts of equity of the United States: one of which is, that in all cases where the rules prescribed by the supreme court or by the circuit court, do not apply, the practice of the circuit courts shall be regulated by the practice of the high court of chancery in England. And it has not been, and cannot, indeed, be denied, that by the practice of the English

chancery, the answer is required to be put in under oath, and is received as evidence so far as it is responsive to the bill.[3]

---

[3] The general rule is, that whatever is responsive to the bill, is evidence for as well as against the defendant. Schwarz v. Wendell, Walk. (Mich.) 267. If a fact stated in the bill and answered by the defendant is material to complainant's case, or is a circumstance from which a material fact may be inferred, the answer in such case, is responsive to the bill, and is evidence in the cause. Id. An answer may sometimes be evidence of a fact not stated in the bill; as when the bill sets forth part of complainant's case only, instead of the whole, and the part omitted and stated in the answer, shows a different case from that made by the bill, and is not by avoidance merely. Id. An answer in chancery not sworn to, is not evidence in the cause for any purpose; it performs the office of a plea only. Willis v. Henderson, 4 Scam. 13. Where a general replication is put in and the parties proceed to a hearing, all the allegations of the answer which are responsive to the bill, shall be taken for true, unless they are disproved by two witnesses, or by one witness with pregnant circumstances. Hagthorp v. Hook's Adm'rs, 1 Gill & J. 270; Roberts v. Salisbury, 3 Gill & J. 425; Moffat v. McDowall, 1 McCord, Eq. 434; Hopkins v. Stump, 2 Har. & J. 301; Maupin v. Whiting, 1 Call, 224; Blanton v. Brackett, 5 Call, 232; McCaw v. Blewit, 2 McCord, Eq. 102; Leeds v. Marine Ins. Co., 2 Wheat. [15 U. S.] 380; Stafford v. Bryan, 1 Paige, 239, 3 Wend. 532; Searcy v. Pannell, Cook, Eq. 110; Martin v. Browning, 2 Hawks, 644; Green v. Vardiman, 2 Blackf. 324; Hart v. Ten Eyck, 2 Johns. Ch. 92; Neilson v. Dickenson, 1 Desaus, Eq. 134; Clark v. Van Reimsdyk, 9 Cranch [13 U. S.] 153; Estep v. Watkins, 1 Bland. 488. An answer, after replication, is not evidence for the defendant, except as it is made so, by discoveries called for in the bill, and which are responsive to direct charges or special interrogatories. Lyerly v. Wheeler, 3 Ired. Eq. 599. The denials of an answer cannot be rebutted by a single witness, unaided by corroborating circumstances. Clark v. Bailey, 2 Strob. Eq. 143. The defendant is bound to answer the charging part as well as the stating part of the bill: and his answer to the charging part, if responsive thereto, is evidence in his own favor, if an answer on oath has not been waived by the complainant. Smith v. Clark, 4 Paige, 368. Where an answer on oath is waived, the answer is not evidence in favor of the defendant for any purpose; but as a pleading the defendant may avail himself of admissions and allegations contained therein which establish the case made by his bill. Bartlett v. Gale, Id. 504. An answer admitting the equitable allegations of a bill, but setting up matter in avoidance, is not evidence of such matter to the court on motion to dissolve an injunction on bill and answer, and the injunction will be continued till the hearing. Ferriday v. Selcer, Freem. Ch. (Miss.) 258; s. p., Planters' Bank v. Stockman, Id. 502; Oakey v. Rabb's Ex'rs, Freem. Ch. (Miss.) 546. Where a discovery is sought by the bill, the answer stands for proof unless rebutted by preponderating evidence; and although the testimony of a single witness, if corroborated by circumstances, is sufficient to disprove an answer, yet it is for the chancellor to judge of the weight of the evidence; and his decision against the evidence to contradict the answer, will not be interfered with, especially where the same facts are sworn to by two defendants in their several answers. Magwood v. Lubbock, Bailey, Eq. 382. Where the allegations of the bill are denied by the answer, a single witness is not sufficient to establish them, unless strongly supported by circumstances. Johnson v. Slawson, Id. 463. Where

The answers in this case must, therefore, be received and considered according to this rule.

The object of the bill in this case is to set aside, and declare null and void, a certain deed or instrument in writing, given by Charles E. Phelps to D. Forest Manin, one of the defendants in this case, bearing date the sixteenth day of May, in the year one thousand eight hundred and thirty-three, and which is set out in hæc verba in the bill. The allegations in the bill as the grounds upon which the relief is sought, are substantially that Charles E. Phelps, at the time of his death, had a large real and personal estate, to the amount of $20,000 and upwards. That he was largely indebted to more than that amount, which debts, at the time of the execution of the deed in question, were due and payable, and still remain unpaid; and that the property mentioned and described in said deed was liable to, and necessary for the payment of such debts, and the only fund to which the creditors can resort for such payment; and that unless the same shall be so applied, all his creditors must lose their debts. The bill further states that Benjamin F. Phelps, one of the defendants, was the brother of Charles E. Phelps, and was a partner in the mercantile house of Manin, Phelps & Co. That he was the only brother of the whole blood of the said Charles, and his sole heir-at-law. That at the time of the execution of the deed the said Charles had become weak, debilitated and much impaired both in body and mind, and was in daily expectation of dying at the house of his said brother Benjamin, where he was then sick, and under the entire influence and control of his brother, in the absence of all his other near relatives; and that the said Manin and Benjamin combining and conspiring together, secretly and away from the knowledge or observation of his other relatives, or any of the creditors,

---

a bank answered, under its corporate seal, and the cashier made affidavit that the statements of the answer were true, to the best of his knowledge and belief, without stating that he had any knowledge of the facts therein set forth, the answer was holden not to be evidence against the positive averments of the bill. McGuffie v. Planters' Bank, Freem. Ch. (Miss.) 383. An answer by a purchaser, denying notice of a prior unrecorded mortgage, is sufficiently disproved by the positive oath of a single witness, aided by corroborating circumstances. Martin v. Sale, Bailey, Eq. 1. The testimony of one witness is sufficient to prove fraud, although denied by the answer, if corroborated by the circumstances of the case. Rowe v. Cockrell, Id. 126. An answer to a bill charging fraud, responsive to the bill denying the charge, and uncontradicted by evidence, rebuts the idea of fraud. Murray v. Blatchford, 1 Wend. 583; Cunningham v. Freeborn, 3 Paige, 557. The answer of a wife cannot be read as evidence against her husband; nor can she be examined as a witness against him. City Bank v. Bangs, Id. 36. The answer of the wife can, in no case, affect the husband. Lingan v. Henderson, 1 Bland. 269. The answer in chancery of a corporate body, under its common seal, denying the equity of the bill, is sufficient to warrant a denial of an injunction, or to dissolve it if granted. Haight v. Morris' Aqueduct [Case No. 5,902]. Where a replication is filed, no statement in the answer not responsive to the bill can avail the defendant unless it is established by proof. Wakeman v. Grover, 4 Paige, 23. The rule that proof cannot be received of the admissions of a party, unless there is an allegation, setting forth when, where, and to whom, such admissions are made, does not apply to the case made by the defendant in his answer. Brandon v. Cabiness, 10 Ala. 155. When an answer is positive no decree can be made against it upon the testimony of a single witness. If, however, there are circumstances which strengthen the witness and entitle him to greater credit, this forms an exception. In weighing circumstances, equal credit is to be given to each, and it is not to be forgotten that one is a disinterested witness. Sturtevant v. Waterbury, 1 Edw. Ch. 442. The answer of the defendant must be taken to be true, unless it is contradicted by the positive testimony of two witnesses, or the testimony of one witness, with strong circumstances. Id.; s. p., Neilson v. Dickenson, 1 Desaus. Eq. 134; Hart v. Ten Eyck, 2 Johns. Ch. 92; Hughes v. Blake, 6 Wheat. [19 U. S.] 468; Lee v. Vaughn, 1 Bibb, 235; Watkins v. Stockett, 6 Har. & J. 435. The general rule is, that either two witnesses or one witness, with probable circumstances, will be required to outweigh an answer asserting a fact responsively to a bill. Id.; s. p., Norwood v. Norwood, 2 Har. & J. 238; Hopkins v. Stump, Id. 304. But there may be evidence, arising from circumstances, stronger than the testimony of any single witness. Id. The weight of an answer must also, from the nature of evidence, depend in some degree upon the fact stated. If a defendant asserts a fact which is not, and cannot be, within his own knowledge, the nature of his testimony cannot be changed by the positiveness of his assertion. Id. Where the fact alleged cannot be supposed to be within the defendant's knowledge, proof, by one witness, in opposition to the answer, will be sufficient. Lawrence v. Lawrence, 4 Bibb, 358. The answer of a defendant professing a want of knowledge of the facts stated in the bill, is not evidence against those facts; its only effect is to put the complainant to the necessity of proving them. Drury v. Conner, 6 Har. & J. 288. So, an evasive answer, (though not excepted to as such,) is outweighed by the testimony of a single witness, and circumstances. Wilkins v. Woodfin, 5 Munf. 183. The testimony of one witness prevails against the denial of an answer sworn to only by a defendant who has no personal knowledge of the facts. Combs v. Boswell, 1 Dana, 474. Where a defendant in his answer only denies a fact charged in the bill, according to the best of his knowledge and belief, a single witness on the part of the complainant is sufficient to establish the fact. Knickerbacker v. Harris, 1 Paige, 209. The principle that an answer to a bill can only be overthrown by two witnesses, or by one witness and corroborating circumstances, does not apply to the case of the proof by one witness, of the execution of a written instrument which contradicts the answer. Thomason v. Smithson, 7 Port. (Ala.) 144. In chancery the testimony of one witness against the direct and positive averment of the answer, is not a sufficient ground for a decree. Pierson v. Catlin, 3 Vt. 272. But when the testimony of witnesses is corroborated by circumstances, it will be sufficient; and the answer containing the denial may also in itself contain the circumstances required. Id. It seems, the rule requiring two witnesses to disprove a responsive denial in an answer in chancery, does not apply where the defendant refers to facts not within his own knowledge, and where he gives no satisfactory reasons for being supposed in possession of such knowledge.

*obtained his signature to the said deed.* And the bill charges that the said Manin and Benjamin fraudulently, as it respects all the creditors of said Charles, combined together to obtain and perfect before his death, the instrument of writing aforesaid, thereby to defraud, delay and hinder, and wholly to deprive all the just creditors of the said Charles of all the means of obtaining any part of their debts.

The grounds, therefore, assumed in the bill upon which the deed is sought to be set aside, are to be considered in two aspects: (1) As between grantor and grantee, unconnected with the creditors of the grantor; and (2) as against the creditors of the grantor.

Viewing the case under the first aspect, it is not perceived how the complainant can have any right to call in question the validity of this deed. Neither he nor those whom he professes to represent, have any interest in the matter. The bill alleges that Benjamin F. Phelps, one of the defendants, was the only brother of the whole blood of Charles E. Phelps, and his sole heir-at-law. He is, accordingly, in the absence of all creditors, the only party interested in the estate, and he admits in his answer, in the most full and unqualified manner, the validity of the deed. The deed is certainly not void on account of any defect appearing on its face. The recital shows a benefit received by the grantor, which, with the pecuniary consideration, although nominal, are abundantly sufficient to sustain it, unless the grantor was incompetent to make any valid instrument to pass his estate.

Admitting the right of the complainant to call this in question, how stands the case on this ground? The bill does not charge that the grantor was defrauded, deceived or imposed upon, or that the deed executed by him was in any respect different from what he intended. And how stands the case with

---

of the facts denied, as would justify a response in the negative. Waters v. Creagh, 4 Stew. & P. 410. Where the fact alleged cannot be supposed to be within the defendant's knowledge, proof by one witness, in opposition to the answer, will be sufficient. Lawrence v. Lawrence, 4 Bibb, 358. The weight of an answer must, from the nature of evidence, depend in some degree on the fact stated. If a defendant asserts a fact which is not, and cannot be, within his own knowledge, the nature of his testimony cannot be changed by the positiveness of his assertion. Clark's Adm'rs v. Van Reimsdyk, 9 Cranch [13 U. S.] 153. Where a discovery is sought by the bill, the answer stands for proof unless rebutted by preponderating evidence; and although the testimony of a single witness, if corroborated by circumstances, is sufficient to disprove an answer, yet it is for the chancellor to judge of the weight of the evidence; and his decision against the evidence to contradict the answer will not be interfered with, especially where the same facts are sworn to by two defendants in their several answers. Magwood v. Lubbock, Bailey, Eq. 382. Where the allegations of the bill are denied by the answer, a single witness is not sufficient to establish them, unless strongly supported by circumstances. Johnson v. Slawson, Id. 463. Affirmative allegations in an answer, not responsive to the bill, must be proved at the trial. But where the answer is not traversed, it is to be taken as true, it seems. Lucas v. Bank of Darien, 2 Stew. (Ala.) 280. To a bill of foreclosure, the answer of the defendant setting forth usury in the mortgage as a defence, is not to be taken as evidence for him, unless the plaintiff asks for a disclosure on that subject, but is only equivalent to a plea of the statute of usury. McDaniels v. Barnum, 5 Vt. 279. The answer of a defendant in equity, stating facts which are not inquired of in the bill, is not evidence of such facts. New England Bank v. Lewis, 8 Pick. 113. Relief was denied on the testimony of one witness in support of the bill, in opposition to a positive denial in the answer. Patterson v. Hobbs, 1 Litt. (Ky.) 275. An answer to new facts, as to which the defendant was not interrogated, must be sustained by evidence aliunde. The answer alone is no evidence. Gordon v. Saunders, 2 McCord, Eq. 156. A plaintiff cannot read his own answer to a bill of discovery in a cross suit, in evidence, unless the defendant chooses first to produce it. Phillips v. Thompson, 1 Johns. Ch. 131. Where an answer is put in issue, what is confessed and admitted need not be proved, but the defendant must prove what he insists on by way of avoidance. Hart v. Ten Eyck, 2 Johns. Ch. 89; Purcell v. Purcell, 4 Hen. & M. 511; Chinowith's Heirs v. Williamson, 2 Bibb, 38. Where an answer to the allegations of a bill sets up matter in avoidance, it is not evidence. Planters' Bank v. Stockman, Freem. Ch. (Miss.) 502; Ferriday v. Selcer, Id. 258. Where the bill required the respondents, who were executors, to answer what estate of their testator they had received, and what had become of the same, and the respondents answered that the assets which came to their hands had been exhausted in payment of the debts of their testator, the answer was holden to be evidence against the complainants, and as there was no testimony disproving it, was taken as true, and the bill dismissed. Oakey v. Rabb's Ex'rs, Id. 546. An answer in chancery, (though in form responsive to a question put in the bill,) is not evidence when it asserts a right affirmatively in opposition to the plaintiff's demand, but the defendant is as much bound to establish such assertion by independent testimony, as the plaintiff is to sustain his bill. Paynes v. Coles, 1 Munf. 373.

An answer replied to is in no case evidence against the plaintiff, though the bill be sworn to; but an answer that cannot be replied to is evidence for the defendant, as in case of bills of discovery. Ragsdale v. Buford's Ex'r, 3 Hayw. (Tenn.) 192. On a hearing before a master upon a bill and answer, general allegations in the answer, containing matters of belief and inference from facts not particularly stated, are not conclusive, but may be controverted by testimony. Copeland v. Crane, 9 Pick. 73. The answer of a defendant to a bill in chancery, in a former cause, is not legal evidence in a cause against his legal representatives, relative to the same transactions. Drury v. Conner, 6 Har. & J. 288. To a bill for negroes the defendant answers, that the negroes were conveyed to plaintiff, to defraud the creditors of the defendant at law. The court held, the verdict and judgment were conclusive if pleaded in bar in equity. Gray v. Faris, 7 Yerg. 155. Where a case in chancery is heard on bill and answer alone, the answer must be taken as true, whether responsive to the bill or not. Lowry v. Mallory, 3 Stew. & P. 297. An answer can only be taken as true so far as it is responsive to the bill, where complainant replies and puts the answer in issue. Bates v. Murphy, 2 Stew. & P. 161, note; Smith v. Rogers, 1 Stew. & P. 317. So, an evasive answer (though not excepted to as such) is outweighed by the testimony of a single witness, and circumstances. Wilkins v. Woodfin, 5 Munf. 183.

respect to the allegation, that the grantor had become weak, debilitated, and much impaired both in body and mind, when he executed the deed. The report of the commissioner upon this point is sufficient to remove all objections on this ground; he states that there was no proof of any such mental debility as would render him unable to make a valid contract, or would expose him peculiarly to undue influence or practices, but, on the contrary, his mind was clear and sound; and, indeed, the want of capacity in the grantor to make a valid deed, is entirely unsustained by the proofs in the case. But the contrary is most clearly and satisfactorily established. The answer of Benjamin F. Phelps (the only person, under the present view of the case, who is interested in the question), is sufficient to put this matter at rest. This part of the answer is directly responsive to the allegation in the bill. He admits that the deceased died without any child or other heir except this respondent; and that the deceased, at the time of the execution of the said instrument, had become weak, debilitated and much impaired in body, and his recovery deemed hopeless; but he expressly denies that the deceased was at that time weak, debilitated, or much, or at all, impaired in mind; but, on the contrary, that he was in the full and vigorous exercise of all his mental faculties, and so continued down to the hour of his death, in a remarkable degree. The allegation in the bill, that the grantor was under the influence and control of his brother Benjamin, is entirely unsupported by the proofs, and is expressly denied by the answer of Benjamin; so, also, the allegation that the deed was executed in the absence of all the grantor's relatives, except Benjamin, is not only unsupported by any evidence, but the contrary was expressly proved. The mother of the grantor was present, and had taken an active part in bringing about the arrangement, and procuring the deed to be given. The same remarks may be applied to all the other circumstances that have been urged as affording grounds for concluding that any undue or improper practices had been resorted to in procuring the deed in question. So far as any are specifically set out in the bill, they are denied by the answers, and not sustained by the proofs. It is deemed unnecessary to notice, in detail, the objections which have been urged against this deed, growing out of the time and manner in which it was executed; although the circumstances were a little unusual, and if accompanied by proof of any attempt to impose upon the grantor, would be entitled to great consideration, and might afford reasonable and plausible ground of argument and inference against the fairness of the transaction. But in the absence of all such proof, and in the face of the report of the commissioner, that the grantor was of sound mind, and not so debilitated as to expose him to undue influence and practices, any conclusion unfavorable to the deed on this account, must rest upon bare suspicion, and would not comport with a fair view of the evidence. This branch of the case is, therefore free from any difficulty, and the deed must be considered valid and operative, unless assailable by the creditors of the grantor on some other ground.

2. The second objection to the deed made in behalf of the creditors of the grantor, has been presented at the bar in two points of view: (1) As a voluntary deed, and void under the statute of frauds; and (2) as being void under the act of Connecticut of 1828 [Laws Conn. 1822–35, p. 182]. The bill, so far as it contains any allegation of fraud in fact, is fully met and denied by the answers, and is not, in any measure, sustained by the proofs, and may be dismissed without further consideration.

The first inquiry then is, whether it is fraudulent in law as a voluntary deed, and void under the statute of frauds. The indebtment of the grantor at the date of the deed is fully stated in the bill, and not denied by the answers; so that no question arises here, which has sometimes been made, as to a distinction between creditors antecedent and subsequent to the date of the deed. The consideration upon which the deed is sustained, appears by the recital: "Whereas Benjamin F. Phelps, of the city of New York, (one of the defendants,) is largely indebted unto the said party of the second part, and also to the said party of the second part and Erasmus D. Foote; and said party is under large and considerable responsibilities, together with said Foote, for said Benjamin F. Phelps, which said debts and responsibilities the said party of the first part has agreed to pay, and indemnify the said party of the second part, and said Foote against, as far forth as the property hereinafter conveyed will extend and enable him to do." The consideration here set out is, therefore, an agreement on the part of the grantor to pay certain debts due from Benjamin F. Phelps to the grantor, and also to the grantee and Erasmus D. Foote, and to indemnify them against responsibilities they were under for Benjamin F. Phelps. What these debts and responsibilities are does not appear upon the face of the deed, and it becomes a question whether parol evidence is admissible to explain it. It is a well-settled rule that parol evidence cannot be admitted, to contradict or vary the terms of a written instrument. Nor can a conveyance be shown by parol to be to another use or intent than that expressed in it. But the evidence in this case does not appear to me to violate these rules. It was introduced to prove a collateral agreement connected with the stipulations in the deed, and in no respect repugnant to it; it was matter extrinsic, and referred to as explanatory of the nature and extent of the consideration. It may be con-

sidered as partaking of the character of a latent ambiguity, arising from some collateral matter out of the instrument, which may always be explained by parol evidence.

If, then, the inquiry can be entertained as to the nature and extent of the consideration, does the evidence sustain the deed in this respect? How far the answers of the defendants on this branch of the case are to be received, will depend on the allegations in the bill. The bill, in substance, charges the defendants with fraudulently obtaining the deed from Charles E. Phelps, to the injury of his creditors, and to defeat their just debts; and this allegation rests materially, if not solely, upon the ground of want of consideration. The answers, therefore, showing what the consideration was, are responsive to the bill, and to be received as evidence. The commissioner reports, that from the answers, and various other sources of evidence, it appears that Benjamin F. Phelps was one of the firm of Manin, Phelps & Co., and this indeed is so alleged in the bill; and that in the year 1832, and in the early part of 1833, he was acting as the agent of his brother Charles E. Phelps, in New York, and constantly furnished him with funds to a large amount, which were extensively drawn from the funds of Manin, Phelps & Co., without the knowledge of either of the other partners, and in many instances grossly fraudulent. The evidence shows very satisfactorily, that the funds of the partnership, used by B. F. Phelps for the benefit of his brother, Charles E. Phelps, were to a greater amount than the value of the property conveyed to Manin by the deed in question. It was, therefore, in reality the debt of Charles E. Phelps himself, which his property went to pay; and, in this view of the case, every consideration of justice and equity, as against C. E. Phelps, calls for the establishment of the deed. This evidence was proper, as explanatory of the agreement of Charles E. Phelps, and to show the consideration upon which that agreement rested. It was in no respect repugnant to the deed, but related to matter collateral to and consistent with it; and, indeed, may well be considered as in direct answer to the allegations in the bill, so far as they rest upon the want of consideration in the deed.

But it is objected, that illegal evidence was admitted to establish this debt; that the books of the partnership could not be received for that purpose. The report of the commissioner shows the purpose for which the books were offered and received in evidence; it was not to show any debt against Charles E. Phelps, but to show how the accounts stood as between the partners themselves. The recital in the deed is that B. F. Phelps was largely indebted to Manin and to Manin & Foote, which debts the grantor, C. E. Phelps, had agreed to pay. The amount of the debts and responsibilities thus assumed by C. E. Phelps, does not appear by the recital, and this was necessary to be shown, at least to the extent of the value of the property conveyed. C. E. Phelps had appropriated his property only to that extent, and if there was any surplus it was reserved for his use, and would have been subject to the claims of his creditors. That the books were sufficiently proved to show how the accounts stood between the partners themselves, cannot be questioned. The books were objected to because all the clerks who made the entries were not produced as witnesses; but the commissioner states that they were admitted because it appeared that the clerks were the agents of the partners for the purpose of keeping the books, and that Wm. H. Plumer, who was sworn as a witness, was the principal clerk, and had the superintendence of all the books; and had himself made almost all the entries which related to the same charges. These clerks were the agents of all the partners, and their acts were binding upon all the partners. The books were admitted subject to any proof of collusion, fraud or mistake in the entries; but no such proof was offered. This was not evidence showing a different consideration from that expressed in the deed. The consideration in the deed was the assumption of the grantor to pay debts of B. F. Phelps to a large amount, and this evidence was to show such amount, which, as against the creditors of Charles E. Phelps, was necessary, in order to protect the property against their claim.

The case, then, is resolved into one where an insolvent debtor has appropriated his whole property towards the payment of the debt of a preferred creditor; and if the facts in the case will warrant this view of it, the validity of the deed cannot be questioned, for it is a well-settled and undisputed doctrine, that an insolvent debtor may prefer one creditor to another. This is believed not to be at this day an open question. It is a point too well settled to admit of argument. Whether originally settled upon sound principles of justice and policy, is not considered within the province of this court to examine. Had the deed been given to Benjamin F. Phelps, who was the creditor of Charles E. Phelps, its validity would have been clear. The only remaining inquiry is, whether this deed is void under the statute of Connecticut of 1828, relative to conveyances in trust for creditors? This act declares, "that all conveyances and assignments of any lands, tenements, goods, chattels or choses in action, hereafter made, directly or indirectly, by any person in failing circumstances, with a view to his insolvency, to any person or persons in trust for his creditors or any of them, shall, as against the creditors of the person making such conveyance or assignment, be deemed and adjudged fraudulent, and utterly void, unless the same be made in writing for the benefit of all the creditors in proportion to their respective claims, &c."

It is a sufficient answer to this objection, that this is not, in point of fact, a deed coming within the description contained in the act. It is not a deed given by Charles E. Phelps to any one in trust for his creditors. Manin & Foote are not the creditors of the grantor, they are the creditors of Benjamin F. Phelps. This is explicitly stated in the recital in the deed, and Benjamin F. Phelps is the creditor of Charles E. Phelps, who has assumed to pay the debt of Benjamin. The assignment being made with the assent of Benjamin, the proceeds of the sales of the property, on being received by Manin, would extinguish so much of Benjamin's debt. But this does not make it a deed in trust for the creditors of Charles; but it may well be questioned whether this can be considered, in any sense, a deed in trust. It is not a conveyance to one for the benefit of another, or for the grantee and another; it is for the benefit of the grantee himself. He may, in a certain sense, be said to hold the surplus, if any, in trust for the grantor; but this could not be considered in trust for the creditors of the grantor, within the statute of Connecticut. It may be considered more properly an indemnity, in the nature of a mortgage, or a power coupled with an interest. The grantor appoints the grantee his attorney irrevocably, and authorizes and empowers him to use and take all lawful ways and means to carry into full force and effect the true intent and meaning of the indenture, which was to sell and dispose of the property conveyed, and to retain and pay all such sums of money as are due, owing and payable, by the said Benjamin F. Phelps to Manin individually, or Manin & Foote, and pay over the surplus, if any, to the grantor or his legal representatives. It has been settled, in this state (Bates v. Coe, 10 Conn. 280) that this statute does not break in upon the long-established doctrine of the common law, that a debtor may prefer one creditor to another. Upon the whole, therefore, the complainant's bill must be dismissed without costs.