## A. C. & A. B. BEECH *vs.* H. H. HAYNES.

## April Term, 1874.

ANSWER, WHEN EVIDENCE OF FACTS IN AVOIDANCE.—An answer which, while admitting or denying the facts in the bill, sets up other facts in defense or avoidance, is not evidence of the latter facts unless they are a direct and proper reply to an express charge or interrogatory; or unless the transaction is a continuous one, and the matters of charge and discharge occur at the same time.

ANSWER—ADMISSIONS.—The rule which considers an admission as binding, and as throwing upon the defendant the burden of proving the matter in avoidance, applies only to admissions which are responsive to the charges of the bill; and if the complainant read an admission not thus responsive he reads it as evidence, not as pleading, and must read the whole.

SAME.—The complainant may limit the charges of his bill and interrogatories so as to confine the responsive part of the answer, and, in that case, may use admissions which would be responsive except for the limitation, without being required to give the defendant the benefit of the matters of avoidance stated in connection therewith.

CASE IN JUDGMENT.—Thus, where a bill is filed to charge defendant with cotton bought by him with the money of complainants, and as their agent, and with the proceeds of the sale of such cotton charged as having been sold by the defendant at a fixed price, and calls upon the defendant to disclose when, where, and from whom he purchased the cotton, and when, where, and to whom he sold it, and expressly limits the discovery to these points, and the defendant admits the contract, purchase, and sale of cotton as charged, but states, in avoidance, that the contract, which was made in the Federal lines, was to purchase cotton in the Confederate lines, that at least one-fourth of the cotton was lost by stealage, or otherwise and that out of the proceeds of sale certain expenses, set out in a schedule annexed, were paid, the complainants were held entitled to use the matters of charge, without being required to give the defendant the benefit of the matters of discharge.

*Thos. H. Malone,* for complainants.

*Ed. Baxter,* for defendant.

THE CHANCELLOR:—The question submitted to me on this record is one that savors, perhaps, more of curiosity than of practical utility in the present state of the law of evidence. It is, how far the complainant may use the admissions of a defendant in his answer to charge him, without giving him the benefit of the matters of discharge or avoidance, with which the admissions are coupled. And the difficulty is not so much in ascertaining the law bearing upon the point in question as upon the application of that law to the facts of the particular case.

The general rule undoubtedly is that an answer which, while admitting or denying the facts in the bill, sets up other facts in defense or avoidance, is not evidence of the facts so stated. Sto. Eq. Jur., § 1,529; Gresley's Eq. Ev., 13. This rule, upon a careful review of the authorities, was considered as well settled by Ch. Kent in *Hart* v. *Ten Eyck*, 2 J. Ch. 88; and, although its application to the facts of that case was held erroneous by the court of errors, it has been approved by the Supreme Court of the United States in *Clements* v. *Moore*, 6 Wall. 315, and by our Supreme Court in *Napier* v. *Elam*, 6 Yer. 113. The qualification of the rule, or of its application, established by the Court of Errors of New York upon appeal in the case of *Hart* v. *Ten Eyck*, is stated to have been, for the decision was never reported, that if the facts in discharge or avoidance are a direct and proper reply to an express charge or interrogatory of the bill, then the answer is evidence of those facts. *Woodcock* v. *Bennett*, 1 Cow. 744, note. And this distinction has also been adopted by our Supreme Court. *Alexander* v. *Williams*, 10 Yer. 109; *Goss* v. *Simpson*, 4 Cold. 288; *Walter* v. *McNabb*, 1 Heisk. 703. And this whether the response be by a direct denial or by a statement of facts by way of avoidance. *Hopkins* v. *Spurlock*, 2 Heisk. 152. Some authorities are quoted as holding that where a defendant, in response to the bill, once admits liability, there is no escape except by proof of the matters of discharge or avoidance. *Dyre* v. *Sturgess*, 3 Des. 553; *Paynes* v. *Coles*, 1 Munf. 395; *Fisler* v. *Porch*, 2 Stock. 248. It is probable, however, that a careful analysis of the cases would show that the rule is substantially the same everywhere, but its application is varied by the particular facts of the several cases.

A qualification of the general rule is, that where the transaction is a continuous one, and the matters of charge and discharge occur at the same time, the whole statement must be taken together. *Robinson* v. *Scotney*, 19 Ves. 582; *Lady Ormond* v. *Hutchinson*, 13 Ves. 50; *Thompson* v. *Lambe*, 7 Ves. 588. The qualification is more broadly stated under the

English practice in 2 Dan. Ch. Pr. 835, thus : " Where a plaintiff chooses to read a passage from the defendant's answer, he reads all the circumstances stated in the passage. If the passage so read contains a reference to any other passage, that other passage must be read also." *Bartlett* v. *Gillard*, 3 Russ. 157 ; *Nurse* v. *Bunn*, 5 Sim. 225. The old decisions went so far as to hold that a discharge in the same sentence with the charge would be evidence (because the whole context must be read), when it would not have been if stated separately. *Ridgeway* v. *Darwin*, 7 Ves. 404 ; *Thompson* v. *Lambe*, 7 Ves. 588. The consequence of which was, as stated by Mr. Gresley in his work on Evidence in Equity, p. 15, that formerly much of the skill required in drawing an answer consisted in uniting by connecting particles important points of the defendant's case with admissions that could not be withheld. The answer in the case now before me seems framed on these old cases. But the modern decisions are governed by the sounder rule of being controlled by the sense instead of the contiguity or grammatical structure of the sentences. Passages connected in meaning may be read together from distinct parts of the answer. *Rude* v. *Whitechurch*, 3 Sim. 562. And, on the other hand, if the matter in avoidance has been skilfully interwoven into the sentences containing responsive admissions, the complainant will be entitled to have the matter of avoidance considered as struck out. *McCoy* v. *Rhodes*, 11 How. U. S. 131 ; *Baker* v. *Williamson*, 4 Penn. St. 467 ; 3 Greenlf. Ev., § 281.

The rule, it will be noted, which considers an admission as binding, and as throwing upon the defendant the burden of proving the matter of avoidance, applies only to admissions which are responsive to or go to support the charges of the bill. The reason is, that otherwise the matter of admission would not be in issue, and if the complainant reads it, he reads it as evidence, not as pleading, and must read the whole ; and no relief can ordinarily be granted upon it except by conceding the facts to be as stated in connection with the admission. *Neal* v. *Robinson*, 8 Hum. 438 ; *Mul-*

*loy* v. *Young*, 10 Hum. 298; *Jameson* v. *Shelby*, 2 Hum. 201; *Rose* v. *Mynatt*, 7 Yer. 30.

The matter in avoidance or discharge, if in response to a direct charge, is, as we have seen, evidence in favor of the defendant. *Smith* v. *Clark*, 4 Paige, 373. But it seems that a statement of the answer expressly waived or not called for, is not responsive, and not evidence. *Jones* v. *Best*, 2 Gill. 106. This limitation may be important in the present case, for the bill expressly calls upon the defendant to declare "when, where and from whom he purchased cotton for the complainants, and when, where and to whom he sold it," and adds: "The discovery which complainants seek is confined exclusively to these points."

The bill is filed for the purpose of charging the defendant with cotton bought by him with certain moneys of the complainants acting as their agent, and with the proceeds of the sales of such cotton. The answer admits the receipt of the money, the purchase of cotton, and the sale thereof as complainant's agent, and discloses "when, where and from whom the defendant purchased cotton for the complainants, and when, where and to whom he sold it." The answer states the amount of cotton bought, but adds that at least one-fourth was lost by stealage or otherwise. It also states the prices at which the cotton was sold, and adds "that out of the proceeds of sale, the expenses of keeping, carrying to market, and selling the cotton, and a large government tax, contained in an itemized schedule (annexed to the answers) were paid." The answer is replied to under our practice, and there is no proof.

The answer admits the contract as alleged in the bill, and the purchase and sale of cotton as agent, but states, in avoidance, that the cotton was to be bought in the Confederate lines, the contract having been made in the Federal lines. The matter in avoidance is clearly not evidence under any of the recognized rules and must be proved.

In this state of the case and the pleadings, if there were nothing more, it is clear that the complainant would be enti-

tled to a decree reciting the contract, and the fact that the defendant had bought and sold cotton under it, and to a reference to the master to take and state an account between the parties, in which he should charge the defendant with all cotton which was purchased with the defendant's money, and with the proceeds of such of the cotton as may have been sold by him, allowing him all just credits in the way of loss of cotton without fault on his part, and all proper disbursements in the care, preservation and disposition of the cotton. The complainants are not compelled, either at the hearing or upon the reference to read any part of the answer as evidence of the amount of cotton bought or sold, and the defendant himself could only read such parts of the answer as are responsive to the charges and interrogatories of the bill, under the rules as hereinbefore set forth. But the complainants claim now, upon the hearing, to use against the defendants his admissions of charge without giving him the benefit of the matters of discharge. And the question for consideration is, can this be done under the pleadings in this case?

The general rule, as we have seen, is that the complainant may read any portion of the defendant's answer which goes to support the case made in the bill. *Bartlett* v. *Gale*, 4 Paige, 507. The admissions which the complainants in this case propose to read do clearly support the case made in the bill. The defendant was not bound to make them, the discovery having been expressly waived; but having made them, the complainant may, if he chooses, rely upon them as fixing the defendant's liability. It is clear, also, that the discovery called for having been limited so as not to include the details, the defendant could not himself read any portion of the matters of discovery, either of charge or discharge, unless they are responsive to a direct charge or interrogatory of the bill. There is no interrogatory calling for such discovery, the interrogatories having been purposely limited. If, however, this part of the answer were directly and properly responsive to a positive charge of the bill, I think

the defendant would have been entitled to read it, notwithstanding the limitation quoted from the bill. For that limitation, it is obvious, was not intended to prevent the defendant from answering the charging part of the bill, but merely to restrain the discovery, so far as it could be evidence for the defendant, to those charges. *Smith* v. *Clark*, 4 Paige, 373. Is there, then, any charge in the bill which calls for the details of the answer in discharge?

The bill does charge that the money received by defendant (which sum is admitted by the answer), invested at twenty-five cents per pound, the price paid as averred, would have purchased 15,319 pounds, and adds: "Complainants are satisfied that he (defendant) realized from the cotton nearly or quite fifty cents per pound *net*, and at least $7,500." If, now, the discovery had not been expressly limited, the answer stating the real amount of cotton bought and the *net* proceeds realized, would perhaps have been responsive under the qualification of the general rule, as "a statement of facts by way of avoidance." Be this as it may, the express limitation of the discovery rendered anything more than a denial of the charges of the bill not responsive within the rule which permits the defendant to use responsive matter of avoidance as evidence in his favor. The complainant has the right so to limit his charges, and his calls for discovery as to confine the responsive part of the answer within a narrow compass, and this has been done in the present instance.

The conclusion is that the complainants may insist upon the matters of charge in the defendant's answer without giving him the benefit of the matters of discharge.

In the examination of the question discussed above, I think I have discovered the source of the strange dictum of our Supreme Court in *Ragsdale* v. *Buford*, 1 Hay. 194, that "in no case is an answer replied to evidence against the plaintiff," a dictum commented on by me in a note to that case in my edition of Haywood's Reports. An answer, as we all know, performs a double office, and is both a pleading

and a discovery. Sto. Eq. Pl. § 850. This distinction was noted by Sir Samuel Romilly, then Solicitor-General, in his argument in the case of *Lady Ormond* v. *Hutchinson*, 13 Ves. 50. The complainant having relied upon an admission in the answer, the defendant seems to have insisted that the whole answer should be read. No, said the Solicitor-General; for, although the rules of evidence are the same in equity as at law, and, if you undertake to read an answer at law, you must read the whole of it, yet, he adds: "When passages are read from an answer [at the hearing in Chancery] which is replied to, it is not produced as evidence but to show what he has admitted, as to which, therefore, it is unnecessary to produce evidence; as to the rest, the plaintiff, having replied to the answer, puts him on proof. Upon a bill for discovery only, the answer being produced as evidence, the whole of it must be read not a part only." This distinction was approved by the Lord Ch. (Erskine) in his opinion in that case. Chancellor Kent in commenting on this language in *Hart* v. *Ten Eyck*, 2 J. Ch. 91, says: "It was said that when passages are read from an answer which is replied to, and is not an answer to a mere bill of discovery, they are not read as *evidence*, in the technical sense, but to show what the defendant has admitted, and which, therefore, need not be proved." It is impossible to place the language of the Chancellor and Solicitor-General in juxtaposition with that of our Supreme Court above referred to, without seeing that the only object of the latter was to call attention to this distinction. For, they add, following the lead of Sir Samuel Romilly, "the answer which cannot be replied to is evidence for the defendant. That is the case of an answer to a bill for discovery." The language is not as accurate as that of Ch. Kent, but was meant to convey the same idea, namely, that an answer on a hearing in equity is not evidence, in a technical sense. And, it is obvious, that the court had no intention to lay down general principles in conflict with their own positive rulings, and that the compilers of our Digests have

erred in carrying the words into their Digests as absolute rulings.

In like manner, what the court say in the same case about the bill is strictly accurate when the intention with which it is made is kept in view. "Neither, they say, is more verity attributable to a bill sworn to than to one which is not so. The oath of the plaintiff is required *ad informandum conscientiam curiæ*, not for the purpose of making it evidence against his adversary who denies it." Neither the bill nor the answer is evidence, in a technical sense, on the hearing of a cause in chancery, nor is either allowed to be read *in extenso* under the English practice. The plaintiff only reads such part of the answer as he relies on to support his case as admissions, and the defendant reads such part of the bill as he relies on as admissions. We read the pleadings, *ad informandum conscientiam curiæ*, in lieu of the preliminary statement of counsel required in England. 2 Dan. Ch. Pr. 996.